IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN HUFF, III, ) | Case No. 1:20-cv-2499 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| SANGEETA T. MAHAJAN, M.D., et al., ) | **OPINION AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**I.      Introduction**

This case involves a long standing feud between former members of an LLC. The parties have been litigating a state court case for over seven years. This federal case stems from the filing of certain 2014 and 2015 tax forms. Plaintiff argues the tax forms were fraudulently filed, and defendants argue they were filed in good faith. Defendants contend plaintiff filed this entire lawsuit for the purpose of harassing and intimidating them. As further explained in this opinion and order, the Court GRANTS, in part, and DENIES, in part, plaintiff's motion for summary judgment (ECF Doc. 45) and DENIES defendants' renewed motion for judgment on the pleadings. ECF Doc. 48.

With the exception of the mediation scheduled for September 19, 2022, the parties have consented to Magistrate Judge Parker presiding over the remainder of this case.

II.     **Statement of Facts**

Plaintiff is the former CEO and tax management member ("TMM") of Purushealth, LLC ("Purus"). ECF Doc. 45-2 at ¶6-7. Defendants, husband and wife, are majority shareholders of Purus. ECF Doc. 57-3 at ¶3; ECF Doc. 45-2 at ¶¶2, 8. In May 2013, Purus hired plaintiff as the CFO and CEO of Purus to replace Defendant Pabley, who was serving a 32-month sentence in federal prison. While CEO and TMM of Purus, plaintiff acquired a 33.93 percent ownership interest in the LLC. *Id.* Plaintiff resigned in June 2015. *Id.* at ¶ 7. In September 2015, defendants filed a lawsuit in Cuyahoga County Court of Common Pleas against plaintiff and other defendants (See *Purushealth, LLC, et al v. Good Nutrition*, LLC, at al., Case No. CV-15-851394). *Id.* at ¶9. The state court action is still pending. *Id.*

In late 2017, defendants hired Gary D. Cerasi, president of Creative Business Strategies, Inc. ("CBS") and CBS, an Ohio corporation, to perform accounting and tax preparation services. ECF Doc. 45-3 at ¶¶1-2. Defendants provided a list to Cerasi of "questionable bank transfers" from Purus to plaintiff in 2014 and 2015, as well as Purus' bank statements, checkbook stubs and credit card stubs for those years. *Id.* at ¶17. Based on defendants' representations, CBS prepared an amended Form 1065 for 2014, 2014 Schedule K-1, Form 1065 for 2015 and 2015 Schedule K-1. *Id.* ¶¶20-24; ECF Doc. 45-4 at p. 18. The original 2014 Schedule K-1 had been prepared by a different accounting firm, and the 2015 Schedule K-1 had not yet been filed with the IRS. ECF Doc. 45-3 at ¶5.

CBS and Cerasi prepared and filed the amended 2014 Schedule K-1 and the 2015 Schedule K-1 in February 2018.[1] *Id*. at ¶15. Cerasi and CPA James Leikin have now acknowledged the K-1 forms prepared by CBS were incorrect, in part, because they reported taxable guaranteed payments of $402,245.00 to Huff. ECF Doc. 45-3 at 10, ¶58 and ECF Doc. 45-4.

On February 14, 2018, CBS and Cerasi gave the requested tax forms to defendants and instructed them to promptly deliver them to plaintiff. ECF Doc. 45-3 at ¶37. Plaintiff's deadline to amend the 2014 K-1 was March 27, 2018. ECF Doc. 45-3 at ¶40-1. However, Defendants did not give the amended 2014 K-1 form to plaintiff until September 2018. ECF Doc. 45-3 at ¶38,41-42.

There is a factual dispute on defendants' intent in filing the tax forms at issue in this case. Defendant Pabley represents that accurate information was provided in good faith to CBS and Cerasi for preparation of the appropriate tax forms. ECF Doc. 57-3 at ¶3. Plaintiff, however, maintains defendants intentionally provided inaccurate information to CBS and Cerasi. ECF Doc. 45-1 at p. 9. Both plaintiff and defendants argue the opposing party is leveraging this case to gain advantages in the state court case. ECF Doc. 45-2 at ¶13; ECF Doc. 57-3 at ¶5.

Plaintiff filed the instant lawsuit on November 5, 2020. ECF Doc. 1. Plaintiff's complaint asserts four counts: Count One for violation of 26 U.S.C. §7434, Count Two for professional negligence,[2] Count Three for breach of fiduciary duty by Defendant Mahajan and

---

[1] These tax forms increased the reported amount of plaintiff's 2014 and 2015 taxable income from Purus. *Id*. 45-3 at ¶ 25. The amended 2014 K-1 listed taxable guaranteed payments of $153,061.81, comprised of $76,061.81 in wire transfers to plaintiff and $77,000.00 to "cover tax burden of deal that did not happen." *Id*. at ¶53; ECF Doc. 45-4 at p. 12. The 2015 K-1 reported guaranteed payments of $249,184.32: $94,184.32 in wire transfers to Huff and $155,000.00 wire transfers to Good Nutrition, LLC. ECF Doc. 45-3 at ¶55.

[2] Plaintiff dismissed his Count II claim against the accountant defendants on January 7, 2022. ECF Doc. 36.

3

Count Four for fraud against Defendants Mahajan and Pabley. *Id.* On January 15, 2021, defendants filed an answer and counterclaim containing two counts, Count One for abuse of process and Count Two for malicious prosecution. ECF Doc. 20.

On July 6, 2022, plaintiff filed a motion for summary judgment. ECF Doc. 45. On July 7, 2022, defendants renewed their motion for judgment on the pleadings (ECF Doc. 48), which they had previously filed in December 2021, and the Court had denied. *See* ECF Doc. 35 and January 21, 2022 Minutes of Proceedings. The parties filed oppositions (ECF Doc. 56, ECF Doc. 57, ECF Doc. 58) and replies. ECF Doc. 59 and ECF Doc. 61. The Court has considered all of the parties' arguments prior to issuing this order.

**III.    Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). As a result, "'[c]onclusory and unsupported allegations, rooted in speculation are insufficient to create a genuine dispute of material fact for trial." *Gunn v. Senior Servs of N. Ky.,* 632 F. App'x 839, 847 (6th Cir. 2015), citing *Bell v. Ohio St. Univ.*, 351 F.3d 240, 253 (6th Cir. 2003); see also Fed. R. Civ. P. 56 (e)(2). As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585 –86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As for the materiality requirement, a dispute of fact is "material" if it "might affect the

outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323 –24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed R. Civ. P. 56(c), (e). And unsupported, self-serving affidavits are insufficient to create an issue of fact sufficient to survive summary judgment. *Brooks v. American Broadcasting Companies*, 999 F.2d 167, 172 (6th Cir. 1993); *Wolfe v. Vill. of Brice, Ohio,* 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999).

IV. **Law & Analysis**

    A. **Plaintiff's Motion for Summary Judgment**

Plaintiff has moved for summary judgment on his 26 U.S.C. § 7434 claim (Count I), his claim for breach of fiduciary duty by Defendant Mahajan (Count III), his claim for fraud against Defendants Pabley and Mahajan (Count IV), and defendants' counterclaims for abuse of process and malicious prosecution.

    1. **26 U.S.C. § 7434**

Count I of plaintiff's complaint states a claim pursuant to 26 U.S.C. § 7434, which provides:

5

a) In general. If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

b) Damages. In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

   (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

   (2) the costs of the action, and

   (3) in the court's discretion, reasonable attorneys' fees.

Here, it is undisputed that Defendants Mahajan and Pabley caused 2014 and 2015 Schedule K-1s to be filed for plaintiff. See ECF Doc. 45-3 and ECF Doc. 57-3. However, the parties disagree on defendants' intentions in filing those documents. Plaintiff has submitted an affidavit from the accountant who prepared the documents stating, "Mahajan, Pabley and Ondrejech submitted false, misleading and incomplete documentation and information to CBS for me for the sole and wrongful purpose of having tax returns prepared to reduce their tax liabilities while at the same time increasing Huff's." ECF Doc. 45-3 at ¶61. Conversely, Defendant Pabley's affidavit states, "… I completely dispute that the issuance of the K-1s at issue in the Huff Federal Case was done out of malice or fraudulently. My wife Sangeeta Mahajan and I believe in good faith that the 2014 and 2015 K-1s late-issued to John Huff are accurate and are based on the real facts and beliefs known to us and our accountants." ECF Doc. 57-3 at ¶3.

Plaintiff cites *Pitcher v. Waldman,* Case No. 1:11-cv-148, 2014 U.S. Dist. LEXIS 42148 at *18 (S.D. Ohio Mar. 28, 2014) for the proposition that "willfulness" is generally defined as the "voluntary, intentional violation of a known legal duty," which would also include a reckless

6

filing. *Id., citing Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2004). But here, it is not undisputed that defendants willfully *or* recklessly filed the K-1 tax forms. In *Pitcher*, Defendant Waldman acknowledged he knew it was incorrect to file certain 1099s. *Pitcher*, 2014 U.S. Dist. LEXIS at *23. Defendants Pabley and Mahajan have made no such admissions. In fact, Defendant Pabley has submitted an affidavit stating the opposite, and plaintiff never sought to take his deposition to counter this statement. Thus, there is a dispute as to defendants' intentions in filing the 2014 and 2015 tax forms. Because there are genuine disputes of fact as to whether the K-1 forms were "willfully," or even "recklessly," filed, summary judgment is precluded on Count I of plaintiff's complaint.

### 2. Breach of Fiduciary Duty by Mahajan

Count III of plaintiff's complaint states a claim for breach of fiduciary duty against Defendant Mahajan. The elements of breach of fiduciary duty are "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom." *Saxe v. Dlusky*, 10th Dist. No. 09AP-673, 2010-Ohio-5323, ¶ 23, *quoting Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, 935 N.E.2d 70, ¶ 36 (10th Dist.). In a closely held corporation, a majority shareholder "has a fiduciary duty not to misuse h[er] power by promoting h[er] personal interests at the expense of corporate interests." *Franks v. Rankin,* 10th Dist. Nos. 11AP-934, 11AP-962, 2012-Ohio-1920, ¶ 34, *quoting Crosby v. Beam*, 47 Ohio St.3d 105, 108-109, 548 N.E.2d 217 (1989).

Here, plaintiff alleges Defendant Mahajan breached the fiduciary duty owed to him by causing false tax documents to be prepared and filed. As already noted, there are genuine issues of fact as to whether defendants knew the documents were false. This will be an issue for the jury to decide, and summary judgment is precluded on this claim.

7

### 3. Fraud by Defendants Mahajan and Pabley

Count IV of plaintiff's complaint states a claim of fraud against Defendants Mahajan and Pabley. The elements of a fraud claim are:

(1) a representation or, where there is a duty to disclose, concealment of a fact,
(2) the representation was material to the transaction,
(3) the representation was made falsely, with knowledge of its falsity, or with such disregard and recklessness as to whether it is true or false that knowledge may be inferred,
(4) the representation was made with the intent of misleading another into relying on it,
(5) justifiable reliance on the representation or concealment, and
(6) an injury proximately caused by the reliance.

*Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶ 33, 3 N.E.3d 226, *citing Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475, 1998- Ohio 294, 700 N.E.2d 859 (1998).

Plaintiff alleges Defendants Mahajan and Pabley made affirmative false misrepresentations to Cerasi and other accountants causing false tax documents to be prepared and filed with the IRS. This Court has previously recognized, "[i]t is not enough to show that defendant made a misrepresentation, but that it did so 'with knowledge of its falsity, or with utter disregard and recklessness regarding its truth or falsity.' " *Micrel, Inc. v. TRW, Inc.*, No. 2:02 CV 2539, 2005 U.S. Dist. LEXIS 9430, at *22 (N.D. Ohio 2005), *citing Gouge v. Bax Global Inc.*, 252 F.Supp.2d 509, 516 (N.D. Ohio 2003). As already noted, there are genuine disputes of fact as to whether defendants knew of the falsity of the tax documents or whether the documents were filed recklessly. Defendant Pabley's affidavit states they acted in "good faith." This will be an issue for the jury to decide, and summary judgment is precluded on this claim.

### 4. Abuse of Process

Plaintiff has also moved for summary judgment on defendants' counterclaims. Defendants first counterclaim is a claim for abuse of process. To prevail on an abuse of process claim, defendants must show:

(1) that a legal proceeding has been set in motion in proper form and with probable cause;

(2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and

(3) that direct damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 626 N.E.2d 115, paragraph two of the syllabus (1994).

Here, defendants allege plaintiff commenced this case in bad faith and "almost solely" to "intimidate and harass defendants." *See* ECF Doc. 20 at 15. This allegation negates one of the key elements to an abuse of process claim—that plaintiff commenced this lawsuit in proper form and with probable cause. Defendants have not pointed to any facts showing plaintiff initiated *this* lawsuit for a proper purpose but later perverted it to an improper one. Defendants' citations to the state court case filings do not show that this case was initiated properly and later perverted for an ulterior purpose.

Because defendants believe plaintiff filed this lawsuit to intimidate and harass them, they have not stated a claim for abuse of process against him. Moreover, defendants' allegations for their other claim, malicious prosecution, are incompatible with the first element of their abuse of process claim. *See Levey & Co. v. Oravecz,* 9th Dist. No. 21768, 2004-Ohio-3418 at * ¶ 8 (June 30, 2004). The Court agrees with plaintiff that there are no genuine disputes of fact on the first

two elements of defendants' abuse of process claim, and plaintiff is entitled to summary judgment on this claim.

### 5. Malicious Prosecution

Defendants' second claim is for malicious prosecution. The elements for a malicious prosecution claim are:

(1) malice in instituting or continuing the prosecution,

(2) lack of probable cause, and

(3) termination of the prosecution in favor of the defendant.

*Mikes v. Kent State Univ.*, 10th Dist. No. 89AP-749, 1990 Ohio App. LEXIS 971 (Mar. 8, 1990). While defendants' factual allegations seem to support the first two elements of this claim, defendants have conceded this claim cannot be brought as a counterclaim. ECF Doc. 58 at 4-5; *see also*, *Anderson v. Eyman*, Case No. 00CA26, 2000 Ohio App. LEXIS 5982 at *8 (5th Dist. Dec. 14, 2000). Defendants have not alleged, nor can they at this time, the termination of any claim in their favor. Accordingly, the Court dismisses defendants' malicious prosecution claim without prejudice.

### B. Defendants' Motion for Judgment on the Pleadings

Defendants contend they are entitled to judgment on the pleadings because plaintiff should have filed an 8082 form with the IRS disputing the K 1s. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). A Rule 12(c) motion "is granted when no

10

material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Here, defendants have not shown they are entitled to judgment on the pleadings. As already noted, not only has plaintiff alleged the elements of his claims, but there are genuine disputes of fact on his three remaining claims. Plaintiff has alleged the elements of a statutory claim pursuant to 26 U.S.C. § 7434, a breach of fiduciary duty claim and a claim for fraud. The fact that plaintiff could have filed a Form 8082 disputing the K 1s does not preclude him from filing this lawsuit. Defendants' motion lacks merit.

Defendants' reply cites *Balle-Tun v. Zeng & Wong, Inc.,* No. 21-cv-03106-NRN, 2022 U.S. Dist. LEXIS 87180 (D. Colo. May 13, 2022) and *Queen v. Zefco Inc.*, No. 8:19-cv-2966-TMC, 2020 U.S. Dist. LEXIS 253465 (D.S.C. June 18, 2020) for the proposition that a plaintiff seeking to assert a valid §7434 claim must plead and/or prove the specific damages incurred by that plaintiff. These non-controlling cases involved the underreporting of employees' income and are completely inapposite here. Both of defendants' cases hold that the "underreporting an individual's income are not the harm Congress enacted § 7434 of the IRC to prevent." But here, plaintiff alleges the precise harm that §7434 was enacted to prevent—that defendants reported *more* income than plaintiff actually received. Thus, the cases cited by defendants actually support the filing of plaintiff's §7434 claim, and the Court does not appreciate defendants' mischaracterization of those cases.

Defendants have failed to show a lack of genuine issues of material dispute on the elements of plaintiff's claims and they are not entitled to judgment on the pleadings.

V. **Conclusion**

Because there are genuine disputes of material fact on the essential elements of plaintiff's remaining claims the Court DENIES both dispositive motions on those claims. ECF Doc. 45 and ECF Doc. 48. Counts I, III and IV of plaintiff's complaint remain pending.

The Court GRANTS plaintiff's motion for summary judgment on defendants' counterclaims for abuse of process and malicious prosecution. Defendants have not pointed to any facts showing plaintiff initiated this lawsuit for a proper purpose but later perverted it to an ulterior one. Because there are no genuine disputes on these elements, plaintiff is entitled to summary judgment on that claim. Plaintiff is also entitled to summary judgment on defendants' claim for malicious prosecution, as conceded in their supplement to brief in opposition. ECF Doc. 58 at 4-5.

The Court has retained jurisdiction to conduct an in-person mediation on September 19, 2022. Otherwise, the parties have consented to Magistrate Judge Parker presiding over this case.

IT IS SO ORDERED.

Dated: August 31, 2022

*s/Dan Aaron Polster*
United States District Judge